**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                           No. CR 04-1467 JB

GRAND CHINA, INC., JING QIAN
JIANG, MING YUE CHEN, and
LINDA ALI,

      Defendants.

<u>**MEMORANDUM OPINION AND ORDER**</u>

      **THIS MATTER** comes before the Court on Defendant Jing Qian Jiang's Motion for Review

of Order Denying Defendant's Motion to Set Conditions of Release, filed October 4, 2004 (Doc. 64).

A hearing was held on this motion on October 26, 2004 and October 28, 2004.  The primary issue

is whether Jing Qian Jiang ("Jiang") is a flight risk.  Because the Court concludes that Jiang is a flight

risk, and for the reasons that the Court stated at the hearing, and consistent with those reasons, the

Court will deny the motion.

<u>**FACTUAL BACKGROUND**</u>

      Jiang is a native of China.  The pre-trial services report indicates that Jiang has no criminal

convictions.  <u>See</u> Notarial Certificate (Translation)(copy of an official document of the government

of China verifying that Jiang had no convictions in China as of the time he left in 1997).[1]

      Jiang is married to Ming Yue Chen.  <u>See</u> Certificate of Marriage Registration (December 10,

1998).  They knew each other in China, married in 1998, and together they have two children, Jenny

---

[1] The United States holds the original of this document.

Jiang and Joyce Jiang.  Both children were born in the United States and are United States citizens.

Jiang represents that his wife, a Christian, suffered religious persecution in China.

Jiang represents that she was expelled from school at age 15 because she refused to renounce

her Christian religious beliefs.  She allegedly fled to the United States, where she was granted political

asylum based on that religious persecution.  See Chen's Application for political asylum in the United

States (granted).  Subsequently, she became a lawful permanent resident, sometimes referred to as

a "green card" holder, of the United States, and that is her current immigration status.  Chen has filed

an I-130, Petition for Alien Relative, on behalf of her husband, Jiang.  See I-130 petition by Ming Yue

Chen on behalf of her husband Jing Qian Jiang (August 26, 2004); Receipt from Department of

Homeland Security (September 13, 2004)(acknowledging filing of the I-130).  Sarah Reinhardt, an

immigration lawyer, prepared that I-130 petition.  Jiang has not filed an asylum application.

## PROCEDURAL BACKGROUND

On July 29, 2004, the United States filed a motion for detention hearing, alleging that

Defendant Jing Qian Jiang is a flight risk.  See Motion for Detention Hearing, filed July 29, 2004

(Doc. 7).  The United States made no allegation that Jiang is a danger to the community.  Jiang's

prior counsel, Martin Lopez III, stipulated to detention on August 3, 2004, and therefore Jiang

remained detained.  See Order of Detention Pending Trial, filed August 3, 2004 (Doc. 24).

On September 20, 2004, Mr. Jiang asserted his right to a prompt hearing to set conditions of

release.  The Honorable Lorenzo F. Garcia, Magistrate Judge for the District of New Mexico,  held

a hearing on that motion on September 28, 2004.  The first portion of the hearing lasted 30 to 45

minutes on the morning of September 28, 2004.[2]  The interpreter was attempting to translate via speaker phone from his location on the East Coast.  The interpreter could not hear the Magistrate Judge and the prosecutor, who were not situated in proximity to the speaker phone.  Also, the Magistrate Judge ruled that Jiang had a constitutional right to hear the testimony of witnesses and not to understand the argument of counsel; defense counsel objected to that view.  The hearing recessed until later in the day, at which time an interpreter was physically present in the courtroom.  On October 5, 2004, the Magistrate Judge set forth his reasons for the denial in the Order Denying Deft's Motion for Release, filed October 6, 2004 (Doc. 59).

The Magistrate Judge incorrectly states in paragraph nine of his October 5, 2004 order that Jiang is in the process of filing for asylum "and" legal status.

Jiang moves the Court, pursuant to 18 U.S.C. § 3145, to review the Magistrate Judge's October 5, 2004 Order denying the Mr. Jiang's motion for release.  Jiang also asks the Court to release him from custody on such conditions as the Court deems appropriate.  Jiang requests the setting of release on personal recognizance or some conditions or combination of conditions.  The Magistrate Judge's October 4, 2004 Order was the first determination concerning conditions of release as to Jiang, and this motion is the first request for review of that determination.

## RELEVANT IMMIGRATION LAW

A lawful permanent resident is entitled to petition for an alien spouse to obtain legal status in the United States.  See 8 U.S.C. § 1204; 8 C.F.R. § 204.2. To do so, the lawful permanent resident

---

[2] Jiang represents that he is not able to adequately consult with and assist his counsel unless he has interpretation into either the Fuzhou or Mandarin languages.  Jiang contends that the first portion of the hearing was constitutionally deficient because of the logistical arrangements provided for the interpreter.  Because the Court is reviewing the entire record, the Court need not decide the adequacy of the hearing before the Magistrate Judge.

spouse files an I-130 form with the United States Citizen and Immigration Services ("USCIS"). The USCIS verifies the marital status of the parties and approves the petition.  Then, the non-resident spouse must wait for a visa number to become available.  When a visa number is available, the non-resident spouse can apply for an immigrant visa or an adjustment of status to lawful permanent resident.

There are many classes of aliens who are ineligible for visas.  Aliens unlawfully present in the United States for more than a year are ineligible until they have remained outside the United States for ten years. See 8 U.S.C. §1182(a)(9)(B).  Aliens who fraudulently or willfully misrepresent  a material fact to gain admission to the United States are ineligible. See 8 U.S.C. §1182(a)(6)(C). Also, aliens convicted of certain crimes, including money laundering, are ineligible. See 8 U.S.C. §1182(a)(2)(I).

## ANALYSIS

Jiang asks the Court to find that he is not a flight risk and release him from custody.  Jiang asserts that he has an incentive to stay in the United States because, if he becomes a fugitive, he will ruin his opportunity to become legalized through his wife's I-130 petition.  There is evidence, however, that Jiang entered the U.S. with a fraudulent passport and remained in the United States illegally for many years.  Jiang also faces the possibility of conviction of crimes that would render him ineligible for legalization.  Favorable action on Jiang's wife's petition is speculative at this point.

There does not appear to be anything before the Court that was not before Judge Garcia. Jiang has been indicted for aggravated felonies.  He is a Chinese citizen illegally in the United States. There is evidence that Jiang maintains ties to China: Jiang's youngest child currently resides in China with her grandmother, and Jiang has wired transfers to China.  There is evidence that at the execution

of the search warrant, Jiang hid to avoid detection.   There is also evidence that Jiang has

systematically avoided being honest and truthful with the United States since he arrived in 1997. The

evidence indicates that (i)Jiang paid $40,000 for a fraudulent passport and entered the United States

illegally; (ii) Jiang made no attempt to legalize his status until he was indicted in this case; and (iii)

Jiang under reported his income in filings with the United States.

The Court concludes that Jiang poses a flight risk and should not be released from custody.

**IT IS ORDERED** that Jing Qian Jiang's motion for release is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

David C. Iglesias
  United States Attorney for the
   District of New Mexico
Tara Neda
  Assistant United States Attorney
Albuquerque, New Mexico

*Attorneys for the Plaintiff*

Tova Indritz, Esq.
Albuquerque, New Mexico

*Attorney for Defendant Jing Qian Jiang*