IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.    No. CR 04-1467 JB

LINDA ALI,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Attorney Gregg Vance Fallick's Motion to Withdraw as Counsel for Defendant Linda Ali, and Request for Expedited Hearing, filed February 1, 2005 (Doc. 98). The Court held an expedited hearing on his motion on February 4, 2005.[1] The primary issue is whether the Court should permit Fallick to withdraw as counsel for Ali with the realization that a change of counsel may cause a disruption of the scheduled proceedings. Because Fallick has demonstrated good cause to withdraw, and because a denial of this motion could endanger Ali's right to effective assistance of counsel, the Court will grant the motion.

## PROCEDURAL BACKGROUND

The Federal Public Defender's Office represents a number of potential witnesses in this case. Fallick is retained counsel for Ali. See Clerk's Minutes of Arraignment, filed August 3, 2004 (Doc.

---

[1] All parties were served a copy of the motion. At the hearing, the Court took a recess for Fallick and the United States to call all counsel before preceding. Through Fallick's representation to the Court, all the other Defendants waived their presence at the hearing and stated they did not oppose the motion. See Transcript of Hearing 7:17-21 (February 4, 2005).

The Court's citation to the transcript of the hearing refers to the Court Reporter's original, unedited version. Any finalized transcript may contain slightly different page and/or line numbers.

18). Fallick entered an appearance for Ali approximately six months ago. See Entry of Appearance, filed July 29, 2004 (Doc. 12).

Much of the time to date has been spent on preliminary matters, including Ali's efforts to obtain pretrial release, and efforts to obtain and to organize the discovery, which allegedly is voluminous. The trial in United States v. China Star, Inc., No. CR-04-1468, which the United States has identified as a related case and which the United States has treated as a related case, is set to begin on August 15, 2005. Seven and one-half months remain before Ali's trial is scheduled to begin.

Fallick represents that there has been a complete and irreparable breakdown in the attorney-client relationship between him and Ali. Fallick's understanding is that Ali believes he has a conflict of interest in continuing to represent her. Fallick represents that, as a result of the irreparable breakdown in the attorney-client relationship, and Ali's unwillingness to provide him with requisite directions in the connection with the representation, it has become impossible for him to continue to provide her with effective assistance of counsel in this case.

Fallick believes that Ali will be unable to make adequate financial arrangements to retain private counsel. Fallick also avers that she qualifies for a court-appointed counsel. Nevertheless, it is possible that, with the assistance of third parties, Ali may be able to retain counsel of her choice.

Fallick represents that replacement counsel will benefit from his work without any substantial duplication of effort. Replacement counsel will have a full opportunity to observe the trial in United States v. China Star, Inc. before proceeding to trial in Ali's case.

Fallick moves the Court for leave to withdraw as Ali's counsel and requests an expedited hearing. Fallick requests that the Court appoint counsel for Ali from the Criminal Justice Act ("CJA") panel. In addition to appointing CJA counsel, Fallick requests that the Court grant Ali ten

days to retain counsel of her choice without further leave of court. Fallick requests that the Court appoint CJA counsel and permit replacement of that counsel within ten days both to ensure that there is no gap in representation and to preserve Ali's right to retain counsel of her choice. Fallick believes that the requested relief will prejudice neither Ali nor any other party.

Counsel for the United States, Assistant United States Attorney Tara C. Neda, has stated that the United States does not object to Fallick's withdrawal to the extent that it does not disrupt the current pretrial and trial schedule. Given, however, that Fallick cannot commit currently unidentified replacement counsel to the existing schedule, Fallick has filed this motion under the procedure for opposed motions.

## **ANALYSIS**

There is always a possibility that a schedule will be delayed when new counsel comes into a case. But the chances of delay here -- solely because of new counsel -- seem minimal because: (i) much of the effort that has preceded this motion has involved detention issues or discovery issues; (ii) replacement counsel will not likely need to duplicate the issues litigated to date; (iii) the trial is many months away; and (iv) another trial in a related case will try before this case. This case does not present a situation where counsel is withdrawing on the eve of trial and delay is inevitable.

On the other hand, Fallick mentioned at the hearing that the United States may be superceding the indictment. Other events may also cause a delay. Here, Ali's interests in effective assistance of counsel substantially outweigh any risk that Fallick's withdrawal will delay the elongated proceedings in this case.

**IT IS ORDERED** that Attorney Gregg Vance Fallick's Motion to Withdraw as Counsel for Defendant Linda Ali, and Request for Expedited Hearing is granted. Mr. Fallick is permitted to

withdraw as counsel for Defendant Linda Ali. The Defendant is granted ten days from the hearing to retain counsel of her choice to replace CJA counsel without further leave of the Court. The Clerk is directed to attempt, to the extent feasible, to appoint CJA counsel who is prepared immediately to devote substantial effort to meeting all of the current pretrial and trial deadlines.

                                              _____
                                              UNITED STATES DISTRICT JUDGE

*Counsel:*

Tara Neda
  Assistant United States Attorney
Albuquerque, New Mexico

      *Attorneys for the Plaintiff*

Gregg Vance Fallick
Albuquerque, New Mexico

      *Attorney for Defendant Linda Ali*